UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

THOMAS PEREZ, Secretary of
Labor, United States Department
of Labor (Wage and Hour Division)

       Plaintiff,

v.                         Civil Action No. 2:16-3491

TEAM ENVIRONMENTAL LLC,

       Defendant.


MEMORANDUM OPINION AND ORDER


       Pending is defendant TEAM Environmental LLC's ("TEAM Environmental"), motion to dismiss or in the alternative motion for a more definite statement, filed June 14, 2016.


I.


       Plaintiff Thomas Perez, United States Secretary of Labor ("the Secretary") instituted this action by filing a complaint with the court on April 8, 2016, invoking the jurisdiction of the court on the basis of federal question jurisdiction.  In the complaint, the Secretary asserts claims for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by TEAM Environmental, a "construction,

management, inspection and environmental service company in the natural gas industry." Compl. at p. 1-2. According to the Secretary, from the workweek ending on October 20, 2102, to the date of the complaint ("the investigative period"), the 267 individuals listed in Exhibit A to the complaint ("the Inspectors") were employed by TEAM Environmental as inspectors, primarily "coating inspectors, welding inspectors, utility inspectors, environmental inspectors, general inspectors, chief inspectors, lead inspectors, program managers, and project coordinators." Id. at p. 2-3.

The Secretary alleges that the Inspectors "frequently and on a recurrent basis worked between 50-70 hours per workweek during the investigative period." Id. at p. 3. Despite working these hours, TEAM Environmental only paid the Inspectors a day rate, which varied from $350.00 to $700.00 per day, and did not compensate them one and a half times their regular pay for hours worked over forty hours in a workweek. Id. TEAM Environmental was not exempt from paying these employees overtime. Id. "The amount of weekly overtime payment [TEAM Environmental] owes to each Inspector varies, depending on the number of hours the Inspector actually worked each workweek and the amount of compensation that was paid during each such workweek during the investigative period." Id.

2

According to the Secretary, by failing to pay the Inspectors time and a half pay for all work completed over forty hours in a workweek, TEAM Environmental violated sections 207 and 215(a)(2) of the FLSA, and owes the Inspectors one and a half times their compensation for the hours they worked over forty hours a week.  Id. at p. 4.  The Secretary also asserts that there may be other employees that TEAM Environmental has failed to pay during the investigative period of which the Secretary is presently unaware.  Id.

As damages, the Secretary asks for an order permanently enjoining and restraining TEAM Environmental and its officers, agents, and employees from violating the Fair Labor Standards Act, an order finding that TEAM Environmental is liable for unpaid overtime compensation and liquidated damages due to the individuals listed in Exhibit A to the complaint, and the same for other employees who may be entitled to damages but who are currently unknown.  Id. at p. 5.  If the court does not award liquidated damages, the Secretary asks for an order enjoining and restraining TEAM Environmental and its officers, agents, and employees from withholding payment of overtime compensation and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury.  Id.

The Secretary also asks for its costs and other such relief that the court deems necessary and appropriate.  Id.

TEAM Environmental moves to dismiss the complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6), or in the alternative, for a more definite statement pursuant to Rule 12(e).  Def. Mot. to Dismiss at 1. It contends that the Secretary's complaint is so devoid of allegations that it is deficient as a matter of law, and should be dismissed.  Def. Memo in Supp. of Mot. to Dismiss at 1.  In the alternative, TEAM Environmental argues that because the complaint is "so vague or ambiguous" that it cannot reasonably prepare a response, the court should order the Secretary to file a more definite statement.  Id. at 1-2.

The Secretary has responded to the motion to dismiss, arguing that the complaint stated specific factual allegations of the names of employees, average hours worked per workweek, and a timeframe of the violations, thereby framing a claim upon which relief can be granted.  Pl. Resp. to Mot. to Dismiss at 1. After TEAM Environmental filed a reply to the motion to dismiss, the court, on October 11, 2016, granted the Secretary's motion to file a surreply and permitted TEAM Environmental to respond to the surreply, which it did on October 17, 2016.

4

II.

## A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 127 S. Ct. at 1969)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." Twombly, 127 S. Ct. at 1965. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." Id.; Giarratano v. Johnson, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not, however, "make a case" against

5

a defendant or even "forecast evidence sufficient to prove an element" of the claim.  Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).  Instead, the opening pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965; Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974; Giarratano, 521 F.3d at 302. The decision in Iqbal provides some guidance concerning the plausibility requirement:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .
>
> But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

Iqbal, 129 S. Ct. at 1949-50 (citations omitted).

As noted in Iqbal, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a district court to "'accept as true all of the factual allegations

contained in the complaint . . . .'" <u>Erickson</u>, 127 S. Ct. at 2200 (quoting <u>Twombly</u>, 127 S. Ct. at 1965); <u>see also</u> <u>South Carolina Dept. of Health and Environmental Control v. Commerce and Industry Ins. Co.</u>, 372 F.3d 245, 255 (4th Cir. 2004) (quoting <u>Franks v. Ross</u>, 313 F.3d 184, 192 (4th Cir. 2002)). The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir. 1999).

## B. Rule 12(e) Standard

Regarding a motion for a more definite statement, Rule 12(e) provides, in pertinent part, as follows:

> (e) Motion for a More Definite Statement.  A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. . . .

Fed. R. Civ. P. 12(e).

The Fourth Circuit has stated that Rule 12(e) must be read in conjunction with Rule 8, which sets forth the basic requirement for pleading.  <u>Hodgson v. Va. Baptist Hops., Inc.</u>, 482 F.2d 821, 822 (4th Cir. 1973).  Rule 8(a) requires that the complaint include

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has

7

jurisdiction and the claim needs no new jurisdictional
support; (2) a short and plain statement of the claim
showing that the pleader is entitled to relief; and (3) a
demand for the relief sought, which may include relief in
the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Addressing a motion for a more definite statement, the
Fourth Circuit has observed that there are a number of
alternative methods for responding to vague or ambiguous
pleadings, including pleading a lack of sufficient information
to form a belief, seeking discovery, or filing a motion for
summary judgment.  Hodgson, 482 F.2d at 824.  The Fourth Circuit
has further noted:

We do not hold that requiring a limited expansion of a
complaint is never appropriate under Rule 12(e), for that
is a matter generally left to the district court's
discretion.  But when the complaint conforms to Rule 8(a)
and it is nether so vague nor so ambiguous that the
defendant cannot reasonably be required to answer, the
district court should deny a motion for a more definite
statement and require the defendant to bring the case to
issue by filing a response within the time provided by the
rules.  Prompt resort to discovery provides adequate means
for ascertaining the facts without delay in maturing the
case for trial.

Id. at 824.

III.

A. Failure to State a Claim

TEAM Environmental argues that the Secretary has
failed to state a claim under FLSA upon which relief may be

8

granted because the complaint includes "no allegations regarding
the alleged hours worked by each employee, any given workweek
wherein they were not adequately compensated, or the
compensation they are allegedly entitled."  Def. Memo. in Supp.
of Mot. to Dismiss at 3-4.

The Fourth Circuit has not addressed the factual
requirements necessary to plead a FLSA overtime claim since the
Supreme Court's decisions in <u>Twombly</u> and <u>Iqbal</u>.  Pre-<u>Twombly</u>,
the Fourth Circuit has required in such a case (1) "that [the
plaintiff] was 'employed' by the defendant" and that the
defendant had "actual or constructive knowledge of his overtime
work[;]" and (2) that the plaintiff "worked overtime hours
without compensation" and that "he shows the amount and extent
of his overtime work as a matter of just and reasonable
inference."  <u>Davis v. Food Lion</u>, 792 F.2d 1274, 1276) (4th Cir.
1986).  <u>See also</u> <u>Chao v. Rivendell Woods, Inc.</u>, 415 F.3d 324,
348-49 (4th Cir. 2005), wherein the court found a FLSA complaint
sufficient when the Secretary alleged that the defendant was an
employer covered by FLSA, the complaint identified the employees
who were allegedly owed overtime compensation as "Supervisors in
Charge," the complaint stated that the defendant violated the
overtime provision of FLSA by compensating such Supervisors and
other employees "at a rate of less than time-and-a-half for the

hours they worked in excess of forty hours per week," and the complaint sought relief for violations that occurred within the statute of limitations.  TEAM Environmental does not argue that the Secretary has not sufficiently alleged the necessary elements of a FLSA overtime claim as set forth in <u>Davis</u> and <u>Chao</u>, but instead contends that a plaintiff now must allege more than was required in <u>Davis</u> and <u>Chao</u> in order to state a claim to meet <u>Twombly's</u> heightened pleading standards.  Def. Memo. in Supp. of Mot. to Dismiss at 4-5.

Courts that have addressed FLSA pleading requirements post-<u>Twombly</u> are split over the factual allegations that must be pled in order to state a viable claim.  Of the circuit courts to address the issue since <u>Twombly</u>, none have required an employee to allege the actual or approximate number of hours worked in a given week for which he or she was not given overtime compensation.

The Eleventh Circuit was the first circuit court to address FLSA pleading requirements post-<u>Twombly</u> in <u>Secretary of Labor v. Labbe</u>.  319 Fed. Appx. 761 (11th Cir. 2008).  According to the court, the "complex antitrust scheme at issue in <u>Twombly</u>" was unlike the "straightforward . . . requirements to state a claim of a FLSA violation."  Because of the simple nature of a FLSA claim, the court concluded that the Secretary's allegations

10

that the defendant failed to pay its workers overtime wages for hours worked in excess of forty hours a week, "[w]hile . . . not overly detailed," suffices, and found that a FLSA claim "does not require more."  Id. at 1.

 With the exception of the Eleventh Circuit, all other circuit courts that have addressed FLSA pleading requirements have followed the approach first espoused by the Second Circuit in a series of three cases.  In the first case, Lundy v. Catholic Health System of Long Island Inc., the court required a plaintiff alleging a FLSA overtime violation to "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of 40 hours."  711 F.3d 106, 114 (2d Cir. 2013).  While stating that plaintiffs need not approximate the number of overtime hours worked without compensation, the court advised that doing so "may help draw a plaintiff's claim closer to plausibility."  Id. at 114, n. 7. The complaint in Lundy did not allege that any of the named plaintiffs had worked more than 40 hours in a given week without compensation.  Id. at 114-15.  For example, one of the plaintiffs alleged that she typically worked three shifts totaling 37.5 hours a week and that she occasionally worked an additional shift of 12.5 hours or slightly longer, but she did not allege "how occasionally or how long" she worked in excess

11

of her regular shift, or that she was not given overtime pay in any week when she worked more hours than her regular shift.  Id. Because of this, the plaintiffs failed to state a FLSA claim.

In Nakhata v. New York-Presbyterian Healthcare Sys., Inc., the court expanded on Lundy, requiring plaintiffs to "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."  723 F.3d 192, 201 (2d Cir. 2013).  The four complaints at issue were filed by the same law firm in four separate cases against health care providers, but were dismissed by the district court judge in a single order due to their similar boilerplate language.  Id. Because the complaints only alleged that the plaintiffs were not paid for overtime work, but did not allege that the plaintiffs were scheduled to work forty hours or more in a given week, the court found a failure to state a FLSA claim under Lundy.  Id. The court declined to address the specific facts that must be pled in a FLSA claim, stating "[w]hat aspects of Plaintiffs' position, pay, or dates of employment are necessary to state a plausible claim for relief consistent with this decision and Lundy is a case-specific inquiry for the trial court."  Id.

In Dejesus v. HF Mgmt. Servs., LLC, the most recent Second Circuit decision on FLSA pleading requirements, the

12

plaintiff alleged that in "some or all weeks" she worked more than "forty hours a week" without being paid one and a half times her rate of compensation.  726 F.3d 85, 87 (2d Cir. 2013). In finding that the complaint was deficient, the court stated, "[w]hatever precise level of specificity that was required of the complaint, [the plaintiff] was at least required to do more than repeat the language of the statute." Id. at 89.  The court cautioned that "Lundy's requirement that plaintiffs must allege overtime without compensation in a 'given' workweek was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.' It was designed to require plaintiffs to provide some factual context that will 'nudge' their claim 'from conceivable to plausible.'" Id. at 90.  The court urged plaintiffs to "draw on" their "memory and experience that [led] them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place." Id. at 90.

In Davis v. Abington Mem'l Hosp., the Third Circuit adopted the approach taken by the Second Circuit in Lundy, requiring plaintiffs claiming a FLSA overtime violation to allege that they worked over forty hours a week in a given workweek and were not given overtime compensation for the hours worked in excess of forty hours a week.  765 F.3d 236, 241-42

(3d Cir. 2014). There, "each named plaintiff allege[d] that he or she 'typically' worked shifts totaling between thirty-two and forty hours per week and further allege[d] that he or she 'frequently' worked extra time. Id. at 242. The court found the complaint to be insufficient because "[n]one of the named plaintiffs ha[d] alleged a single workweek in which he or she worked at least forty hours and also worked uncompensated time in excess of forty hours." Id. at 243. In keeping with the Second Circuit's decisions on the matter, the court declined to hold that "a plaintiff must identify the exact dates and times that she worked overtime." Id. Instead, the court stated, "a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of those forty hour weeks, would suffice." Id.

The First Circuit has similarly required a plaintiff to plead factual assertions that amount to more than a recitation of the FLSA statute, but has declined to state with specificity the facts a plaintiff must allege in order to state a plausible claim. In Pruell v. Caritas Christi, plaintiffs, who were employees of the defendant, alleged that they "'regularly worked' over 40 hours a week and were not

14

compensated for such time," in violation of FLSA.  678 F.3d 10, 12 (1st Cir. 2012).  The court found that this allegation was "little more than a paraphrase of the statute," and "while not stating ultimate legal conclusions, [it was] nevertheless so threadbare or speculative that [it] fail[ed] to cross the line between the conclusory and the factual." Id. at 13 (internal citations omitted).  The court did not detail what was required in order to state a FLSA claim, but did note that "[p]laintiffs certainly know what sort of work they performed and presumably know how much they were paid as wages; but precisely how their pay was computed and based upon what specific number of hours for particular time periods may depend on records they do not have." Id. at 15; see also Manning v. Boston Medical Center Corp., 725 F.3d 34 (1st Cir. 2013) (finding the plaintiffs' allegations that they were "regularly scheduled for forty-hour/week shifts," and that they worked time outside their scheduled shifts, sufficient to state a FLSA overtime claim, because "[a]ny time that they worked during meal breaks, before or after their shifts, and in training periods, would thus entitle them to overtime compensation.").

In Landers v. Quality Commc'ns, Inc., after summarizing the decisions of the other circuits, the Ninth Circuit stated that it was "persuaded by the rationale espoused

15

in the First, Second, and Third Circuit cases."  771 F.3d 638, 644 (9th Cir. 2014).  Although the court agreed with the Eleventh Circuit's statement in Labbe that detailed allegations are not required by plaintiffs, the court believed the complaint in Labbe to contain "conclusory allegations that merely recite the statutory language," and found them inadequate to state a plausible claim.  Id.  The court stated that "[a] plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility."  Id. at 645.  "[L]ike the other circuit courts that have ruled before," the court "decline[d] to make the approximation of overtime hours the sine qua non of plausibility for claims brought under the FLSA."  Id.

In keeping with the trend of the decisions of the circuit courts that have addressed this issue, the court is of the opinion that a complaint alleging violations of the FLSA overtime provision must allege something more than "conclusory allegations that merely recite the statutory language" of the FLSA statute, but need not state the actual or approximate hours an employee or employees worked for which they were not given overtime compensation.  See Landers, 771 F.3d at 644.  What

precise facts must be pled in order to state a plausible claim

"is a case-specific inquiry."  See Nakhata, 723 F.3d at 201.

        The Second Circuit and the other circuits that have

adopted the Lundy approach have addressed the pleading

requirements of FLSA claims brought by individual employees.

The complaint in this collective action generally meets the

requirements of those cases, serving as they do as a guide in

this case.  A notable, though unnecessary, difference here is

that this case is brought by the Secretary of Labor, after

investigation, on behalf of a great number of Inspectors who

were employed by TEAM Environmental.  It is reasonable to

require a plaintiff-employee, or a small group of plaintiff-

employees, to individually allege that they worked more than

forty hours in a given workweek and did not receive overtime

compensation during that workweek.  The plaintiff-employees are

in possession of the information upon which the complaint is

based and can "draw on" their "memory and experience that [led]

them to claim . . . that they have been denied overtime in

violation of the FLSA in the first place."  See Dejesus, 726

F.3d at 90.  When FLSA actions involving hundreds of employees,

as here, are brought by the Secretary of Labor, requiring fact-

specific allegations for each employee allegedly owed overtime

compensation at this stage would be overly burdensome and

unnecessary.  The court does not believe that Twombly or any of
the circuit court opinions discussed herein require as much.

As previously noted, in the present case, the
Secretary alleges that the 267 named individuals were employed
by TEAM Environmental as Inspectors, including "coating
inspectors, utility inspectors, environmental inspectors,
general inspectors, chief inspectors, lead inspectors, program
managers, and project coordinators." Pl. Compl. at p. 2-3.  The
Inspectors were employed by defendant during the investigative
period, which ranged from the workweek ending on October 20,
2012 until April 8, 2016, when the complaint was filed.  Id.
The Inspectors were hired to "review compliance with federal and
state requirements and industry guidelines for the work
performed by the third party contractors." Id. at 3.  The
Secretary further alleges that the Inspectors "frequently and on
a recurrent basis worked between 50-70 hours per workweek during
the investigative period" and alleges that they were paid a day
rate for all hours worked, including when they worked in excess
of 40 hours in a workweek.  Id.  They were not paid on a
salaried or workweek basis.  Id.  The day rates the Inspectors
were paid varied, but ranged from $350.00 to $700.00 per day.
Id.  Although the Inspectors were not exempt from overtime
payments, "[i]n workweeks when the Inspectors worked more than

18

40 hours, [defendant] paid them their established day rate for each day worked but failed to pay the Inspectors at a rate of one and one-half times their regular rate of pay for the hours worked over forty in a workweek." Id.

The court finds that the Secretary has adequately set forth a FLSA overtime claim. The Secretary has sufficiently alleged that during the investigative period, the Inspectors worked more than forty hours in a week and were not given overtime compensation. While the Secretary has not made allegations specific as to each of the Inspectors, the complaint provides TEAM Environmental with notice of the names of the 267 individuals allegedly owed overtime compensation, the range of hours they worked a week, the types of jobs they performed, the range of compensation they were paid, and the time period of the violations. Requiring the Secretary to amend the complaint to add allegations specific to each Inspector would be of little value. Indeed, these details may change during the course of discovery. The complaint provides "fair notice of what the [] claim is and the grounds upon which it rests" such that TEAM Environmental can make a fair response. See Twombly, 550 U.S. at 556, n. 3.

TEAM Environmental cites extensively to the district court decision in Perez v. Sanchez for the proposition that the

Secretary's complaint must be dismissed in this case as
deficient.  In Sanchez, the Secretary of Labor filed suit
against the defendants, alleging that defendants not only failed
to pay eight of their workers overtime but also failed to pay
them minimum wage, and additionally failed to keep adequate and
accurate employment records.  No. 6:14-4326-BHH, 2016 WL 721032
at *1 (D.S.C. Feb. 24, 2016).  The court denied the defendants'
motion to dismiss and granted the defendants' motion for a more
definite statement, acknowledging that the complaint did not
specify "which violations apply to which workers, when the
violations took place, how much money is owed, or any other
details about the violations."  Id. at *1-2.  Contrary to
assertions by TEAM Environmental, the court in Sanchez did not
state that a plaintiff is required to plead an approximation of
wages owed or hours worked without overtime in order to state a
FLSA claim.

       Unlike Sanchez, the Secretary here has provided some
measure of detail, alleging, among other things, that defendants
failed to pay all Inspectors listed in Exhibit 1 overtime wages
during the three and one-half year investigative period, the
type of jobs the Inspectors were hired to perform, the range of
wages they were paid, and the range of 50 to 70 hours they
frequently worked per week without payment of one and a half

times for overtime.  Accordingly, the Secretary has stated a
plausible claim upon which relief can be granted inasmuch as the
allegations allow the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged.

### B. More Definite Statement

As an alternative to dismissal, TEAM Environmental
moves for a more definite statement under Rule 12(e), arguing
that the complaint is vague and ambiguous.  According to TEAM
Environmental, because the Secretary gained information from its
investigation which included the hours worked by each employee
and the amount of compensation allegedly owed to each employee
during the investigative period, a more detailed statement is
warranted.  Def. Memo. in Supp. of Mot. to Dismiss at 8-9.

As discussed above, the complaint here details the
employees that TEAM Environmental allegedly failed to pay
overtime, and sets forth the average amount of hours worked a
week, the average rate they were compensated each day, the tasks
they were hired to complete and the range of time during which
they were not given adequate compensation.  The court cannot say
that the complaint is "so vague" or "so ambiguous that the
defendant cannot reasonably be required to answer."  See
Hodgson, 482 F.2d at 824.  TEAM Environmental in due course may
utilize discovery to seek the detailed information it wishes the

Secretary to provide.

IV.   Conclusion

For the reasons set forth above, the court ORDERS that TEAM Environmental's motion to dismiss, or in the alternative, for a more definite statement be, and it hereby is, denied.

The Clerk is directed to transmit copies of this order to counsel of record and any unrepresented parties.

ENTER: December 20, 2016

John T. Copenhaver, Jr.
United States District Judge