```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

R. ALEXANDER ACOSTA,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF
LABOR,

       Plaintiff,

v.                          Civil Action No. 2:16-cv-03491

TEAM ENVIRONMENTAL, LLC,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is TEAM Environmental, LLC's ("TEAM") motion for an extension of its deadline to file an answer to R. Alexander Acosta's ("Acosta") amended complaint.

Thomas Perez ("Perez"), then-Secretary of Labor, initiated this action on April 8, 2016. Fourteen months later, and after lengthy discovery, on June 16, 2017, Perez filed an unopposed motion for leave to file an amended complaint that "add[ed] additional employees . . . seeking compensation . . . in this case." Motion for Extension at 2. The court entered an order on June 22, 2017, approving that motion.

According to TEAM, its answer to the amended complaint was due on July 6, 2017. Id. at 2. TEAM's counsel states that "[he] did not properly calendar that deadline due to other

pending matters that were being litigated in this case at that time," and that "[he] did not realize his inadvertence until late on September 29, 2017." Id. TEAM's counsel advises that he promptly notified opposing counsel, who informed him that she did not have any objections to a late filing. Id. Attached to TEAM's motion is an answer to the amended complaint, which TEAM asserts "is identical to the original Answer to the Complaint." Id.

Federal Rule of Civil Procedure 6(b)(1)(B) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." The Supreme Court interprets this Rule as permitting district courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993). Four factors are to be considered in this analysis:

> [1] [T]he danger of prejudice to the [non-moving party;] [2] the length of the delay and its potential impact on judicial proceedings[;] [3] the reason for the delay, including whether it was within the reasonable control of the movant[;] and [4] whether the movant acted in good faith.

Id. at 395.

The court finds that, under the particularities of this case, TEAM has shown the "excusable neglect" required by Rule 6(b)(1)(B) and the Supreme Court. First, Acosta faces no danger of prejudice. The nature of Acosta's claims have not changed, and Acosta does not object to the delayed filing of TEAM's answer to the amended complaint. Second, there should be no resulting delay, and the court notes that the litigation appears to have proceeded as normal despite TEAM's counsel's failure to file a timely answer. Third, although TEAM's counsel's reason for the delay – failing to "properly calendar [the] deadline due to other pending matters . . . in this case" – was easily avoidable, the countervailing considerations here outweigh this factor. And fourth, there is no evidence that TEAM's counsel acted in bad faith in filing the pending motion.

Accordingly, the court ORDERS that TEAM's motion for an extension of its deadline to file an answer to the amended complaint be, and hereby is, granted.

Further, noting that TEAM attached to the motion its answer to the amended complaint, the court deems that answer filed.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: October 3, 2017

John T. Copenhaver, Jr.
United States District Judge